703 N.W.2d 800 (2005)
474 Mich. 861
Edward MOSZYK, Plaintiff-Appellant/Cross-Appellee,
v.
CITY OF BAY CITY, Rob Anderson, and James Palenick, Defendants-Appellees/Cross-Appellants.
Docket No. 128456, COA No. 252273.
Supreme Court of Michigan.
September 15, 2005.
On order of the Court, the application for leave to appeal the January 25, 2005 judgment of the Court of Appeals and the application for leave to appeal as cross-appellant are considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE that part of the judgment of the Court of Appeals that affirmed the trial court's grant of summary disposition on plaintiff's claim asserted under the Whistleblower's Protection Act, MCL 15.361 et seq., and REMAND this case to the Court of Appeals for its consideration of the issue that it did not reach. The Court of Appeals erred when it held that the record demonstrated that defendants were in the process of terminating plaintiff for reasons unrelated to the alleged whistleblowing, and that defendants were therefore entitled to summary disposition of the Whistleblower's Protection Act claim. When the facts are viewed in the light most favorable to the non-moving party, Dressel v. Ameribank, 468 Mich. 557, 561, 664 N.W.2d 151 (2003), there is a disputed issue of material fact whether plaintiff's protected activity caused defendants to terminate plaintiff in violation of the Whistleblower's Protection Act. On remand, the Court of Appeals shall consider whether the arbitration of plaintiff's termination precludes plaintiff from pursuing a Whistleblower's Protection Act claim. In all other respects, the application for leave to appeal and cross-application to appeal as cross-appellant are DENIED.
We do not retain jurisdiction.